S86

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **02 C 7348** | **DATE** | March 28, 2003 |
| **CASE TITLE** | Tony Colida      v      Kyocera Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, defendant's motion to transfer case to the Southern District of California is granted. Status hearing date of 4/17/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | APR 01 2003 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | U.S. DISTRICT COURT 05 MAR 31 AM 10:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

APR 0 1 2003

TONY COLIDA, )
)
      Plaintiff, )
) No.    02 C 7348
    v. )
) Judge Robert W. Gettleman
KYOCERA WIRELESS CORPORATION, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

In his first amended complaint, pro se plaintiff Tony Colida alleges that defendant Kyocera

Wireless Corporation ("KWC") infringed his design patents for a "Portable Cellular Handset

Telephone." Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer the instant action to

the Southern District of California. For the reasons stated herein, defendant's motion is granted.

## FACTS

Plaintiff is a citizen of Canada, residing in Montreal, Quebec. Defendant KWC is

headquartered in San Diego, California. In his amended complaint, plaintiff alleges that KWC's

sales "throughout the United States and worldwide" of its "2255" and "Q phone" products infringe

plaintiff's United States Design Patent Nos. 321,184, 321,347, and 321,349 for the "Portable

Cellular Handset Telephone."[1]

In his initial complaint, plaintiff sued KWC's parent company, Kyocera Corporation, which

is headquartered in Japan. Shortly thereafter, KWC initiated a declaratory judgment action in the

Southern District of California, <u>Kyocera Wireless Corp. v. President Electronics & Tony Colida</u>,

---

[1] Although referenced as exhibits to the amended complaint, the registrations for these
patents were not presented to the court.

19

Case No. 02 CV 2042-L (the "California action"), against plaintiff, involving the same patents as the instant case. To date, the court presiding over the California action has held two status hearings and scheduled an "Early Neutral Evaluation" meeting for the purpose of exploring settlement between the parties for March 18, 2003.

After the initiation of the California action, plaintiff filed a first amended complaint in the instant dispute against KWC alone. Indeed, the docket reflects that Kyocera Corporation was dismissed as a defendant on December 26, 2002, the date of the filing of the amended complaint.[2]

With this background in mind, the court turns to the merits of the instant motion.

## DISCUSSION

28 U.S.C. § 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to Section 1404(a), a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer serves the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Symons Corp. v. Southern Forming and Supply, Inc., 954 F. Supp. 184, 186 (N.D. Ill. 1997). For the reasons that follow, the court transfers the instant action to the Southern District of California.

With regard to the first factor, defendant concedes that venue is proper in the Northern District of Illinois. Moreover, because KWC resides in the Southern District of California, and is thus subject to personal jurisdiction there, venue is also proper in the Southern District of California. See 28 U.S.C. § 1391(c) ("[A] defendant that is a corporation shall be deemed to reside in any

---

[2]Notwithstanding the fact that Kyocera Corporation has been dismissed as a defendant, the instant motion was filed on behalf of "defendants" Kyocera Corporation and KWC.

judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Therefore, the court has the power to transfer the case if to do so is in the interest of justice and for the convenience of parties and witnesses.

In evaluating the convenience and fairness of a transfer, the court considers relevant private and public interests. The private interests include: 1) plaintiff's initial choice of forum; 2) the situs of material events; 3) ease of access to sources of proof; 4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and 5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

"The weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." Dunn v. Soo Line R. Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994). Thus, the court must consider the situs of material events to determine how much weight to assign to plaintiff's choice of forum.

According to the complaint, the instant case arises out of defendant's alleged infringement of plaintiff's patents "within the United States." Although plaintiff does not single out this district as the situs of infringement, the court presumes that "within the United States" encompasses this district. Nonetheless, in the absence of any allegations singling out this district over others, and

3

considering that plaintiff resides in Quebec, Montreal, the court concludes that the first two private interest factors are neutral.

The third factor, ease of access to evidence and sources of proof, favors transfer. Plaintiff does not dispute defendant's contention that "the vast majority" of documentation and technical materials relevant to the instant dispute are in California, and that the cell phones that allegedly infringe plaintiff's patents are designed and produced in Southern California. Hence, the court concludes that the ease of access to proof favors transfer to California.

The court finds that the fourth and fifth factors, convenience of parties and witnesses, also favor transfer. KCW resides in California, and plaintiff resides in Montreal, Quebec. Virtually all of the defendant's party-witnesses reside in California, making litigation in this forum inconvenient. Moreover, defendant has identified at least three crucial non-party witnesses employed by Qualcomm, all of whom reside in California, including the lead engineer and product manager for the allegedly infringing phones at issue in the instant dispute. In contrast, plaintiff has not identified any potential witnesses residing in Illinois. Thus, the fourth and fifth factors support transfer.

In addition to the private interest factors, the court must also consider certain public interest factors that may warrant transfer: 1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; 2) the court's familiarity with applicable law; and 3) the congestion of the respective court dockets and the prospects for an earlier trial. See Hughes v. Cargill, Inc., 1994 WL 142994, at *2 (N.D. Ill. April 14, 1994).

The first factor slightly favors transfer. Although the alleged infringement occurs in both the Northern District of Illinois and the Southern District of California, and thus gives both districts an

4

interest in resolving the instant controversy, KCW resides in California, not Illinois. Accordingly, the Southern District of California has a stronger relationship to the instant dispute than this district.

The second factor, the court's familiarity with applicable law, is neutral. The instant patent dispute involves questions of federal law, with which both districts are presumably equally familiar.[3]

The final factor, the speed at which the trial will progress, is neutral. The median time interval between the filing of a civil case and trial in the Northern District of Illinois is 26.3 months, compared with 24 months in the Southern District of California. This 2.3 month difference is negligible and neither favors nor disfavors transfer.

Consideration of the foregoing public and private interests convinces this court that, in the interest of justice and for the convenience of parties and witnesses, a transfer of venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) is proper.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer the instant dispute to the Southern District of California is granted.

**ENTER:**      **March 28, 2003**

_Robert W. Gettleman_

**Robert W. Gettleman**
**United States District Judge**

---

[3]Although not dispositive, the court acknowledges that the California action has already proceeded to settlement discussions. Notwithstanding plaintiff's arguments to the contrary, the court is not empowered to stay those proceedings.

5